**Nelcie LITTLE, Plaintiff–Appellant,**

v.

**NORTHEAST UTILITIES SERVICE COMPANY, Defendant– Appellee.**

**No. 07–1459–cv.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

Marc Glenn, Law Office of W. Martyn Philpot, Jr., LLC, New Haven, CT, for Appellant.

Angela Rubano, Northeast Utilities Service Company, Berlin, CT, for Appellee.

* The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit,

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, and Hon. KELLY,* Circuit Judges.

## SUMMARY ORDER

Nelcie Little appeals from a summary judgment granted against her dismissing her employment discrimination action, which she brought in the United States District Court for the District of Connecticut. We assume that the parties are familiar with the facts and procedural history of this case and the issues on appeal.

Little argues that the district court erroneously granted the defendant's motion for summary judgment on her disparate treatment and retaliation claims pursuant to 42 U.S.C. § 1981. We review that decision *de novo. See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We conclude that the district court's grant of summary judgment as to both claims was correct for the following reasons.

■ A prima facie case of discrimination consists of evidence "(1) that plaintiff falls within [a] protected group, (2) that plaintiff applied for a position for which [s]he was qualified, (3) that plaintiff was subject to an adverse employment decision and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination." *Byrnie v. Town of Cromwell, Bd. of Educ.,* 243 F.3d 93, 101 (2d Cir.2001) (cit-

sitting by designation.

ing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Little fails to satisfy this initial burden. She proffers no evidence from which a reasonable juror could infer that she was treated differently and adversely because of her race. The statements in her pleadings, and her other conclusory assertions, do not constitute evidence creating a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Forsyth v. Fed'n Employment & Guidance Serv.,* 409 F.3d 565, 573–74 (2d Cir.2005), *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.,* 550 U.S. 618, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007).

■ The burden-shifting framework established in the Title VII context, *see McDonnell Douglas,* 411 U.S. at 802–04, 93 S.Ct. 1817, applies to retaliation claims brought under section 1981, *see CBOCS West, Inc. v. Humphries,* —— U.S. ——, 128 S.Ct. 1951, 1960–61, 170 L.Ed.2d 864 (2008); *Taitt v. Chem. Bank,* 849 F.2d 775, 777 (2d Cir.1988). Little appeals the dismissal of her retaliation claim based on the allegedly protected activity of (1) her "Beacon Line complaint lodged in May 2000" and (2) "informal and formal complaints, in the latter part of 1998." Although informal complaints can constitute protected activity, *Treglia v. Town of Manlius,* 313 F.3d 713, 720 n. 5 (2d Cir. 2002), Little has not identified, nor have we ourselves found, evidence in the record that Little complained of discrimination in 1998. The only relevant protected activity of which she might legitimately complain is her May 2000 "Beacon Line" complaint. With regard to that, however, there is no evidence of any adverse employment action taken against Little after the call was made. And Little has presented only conclusory allegations that she was denied training during her absences from work subsequent to the call. Indeed, the record

contains no evidence that Northeast had a retaliatory motive for any of its actions toward her of which she complains. *See Sumner v. U.S. Postal Serv.,* 899 F.2d 203, 209 (2d Cir.1990).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.